<hr />

[No. 3418.   Decided May 8, 1901.]

N. H. LATIMER, *Respondent,* v. FRANK W. BAKER, *Appellant.*

NON-SUIT — WHEN GRANTABLE — CONTRADICTORY EVIDENCE.

Where there is any contradiction in the evidence, it is the province of the jury to determine the facts, and, under such circumstances, a non-suit should be refused.

EVIDENCE — ADMISSIBILITY OF WRITTEN ASSIGNMENT.

In an action by plaintiff as the assignee of the claim of one to whom forged county warrants had been sold to recover from defendant the amount paid therefor, which claim, the complaint alleges, had been assigned in writing by plaintiff assignor to plaintiff for a valuable consideration, the assignment would not be inadmissible in evidence from the fact that it was signed by both the assignor and his wife, when there was no evidence establishing that the wife was a real party in interest.

WITNESSES — EXAMINATION AS TO FORMER TESTIMONY..

Where a witness has been cross-examined as to his testimony in another case, respecting the subject matter of his present examination, it is not error to allow the party introducing him, on re-direct examination, to interrogate him further in relation thereto and as explanatory thereof.

SAME.

Objection to the cross-examination of a witness as to his testimony in another case concerning the purchase of forged warrants was properly sustained, where the question related to other warrants than those involved in the present suit, though the dealings in regard to all the warrants had been between the same parties.

Appeal from Superior Court, King County.— Hon. ORANGE JACOBS, Judge. Affirmed.

*Ira Bronson* and *Burke, Shepard & McGilvra,* for appellant.

*Stratton & Powell,* for respondent.

PER CURIAM.—Respondent brought this action against appellant, and alleged in his complaint that on the 28th day of December, 1896, the appellant sold to one John Goodfellow, for the sum of $793.50, certain warrants purporting to be genuine warrants of Chehalis county, state of Washington, and then and there warranted said warrants, and each thereof, to be valid and binding obligations of said county in the amounts and upon the conditions stated therein, respectively, whereas in truth said warrants were not genuine warrants of said county, but were forger-

ies. It is further alleged that by reason of the foregoing facts there was an entire failure of consideration for the payment of the aforesaid sum, and that the said Goodfellow was thereby damaged in said sum; that thereafter said Goodfellow, for a valuable consideration, assigned in writing to respondent his said claim and demand against appellant; and that respondent is now the owner and holder thereof. Judgment is demanded for said sum of $793.50, with interest thereon at the legal rate from the 28th day of December, 1896. The answer denies the averments of the complaint. A trial was had before a jury, and a verdict was returned by the jury in favor of respondent in the sum of $916.62. Appellant moved for a new trial, which was denied, and he thereupon appealed to this court.

The first assignment of error is that the court erred in not granting appellant's motion for a non-suit. It is urged that the respondent's evidence showed that appellant, Baker, was simply the agent for one Jameson in the transaction of selling the warrants, and that he was known to be such by Goodfellow, the respondent's assignor. The testimony of Goodfellow tends to show that he may have known such to be the fact concerning some warrants previously bought by him of Baker, but it is not sufficiently clear that he knew such to be the fact concerning these warrants to have justified the court in taking the case from the jury. It is also argued that the testimony of Goodfellow shows that he was not acting for himself in the purchase of the warrants, but as the agent of his wife, by reason whereof he was not the party in interest in the purchase of the warrants, as alleged in the complaint. The check which Goodfellow gave to Baker in payment for the warrants is signed "J. Goodfellow, Agent," and Goodfellow testified that his wife's money was deposited in a bank

account under that name.  He also testified that all money
which he used in his business transactions was deposited
in that account.  It does not appear from the testimony
that Mrs. Goodfellow had knowledge of the warrant trans-
action at the time they were bought, or that she was in any
way connected with it.  Her husband simply checked
against her bank account in payment for the warrants,—
an account in which he also kept all money which he used
in his business.  The written assignment from Goodfellow
to respondent is signed by both Goodfellow and his wife,
and it is argued that the instrument therefore shows upon
its face that Goodfellow was not the party in interest.  The
assignment in the body thereof shows upon its face, how-
ever, that it is a transfer of the claim arising out of the
particular warrant transaction heretofore mentioned; and
since Mrs. Goodfellow was not shown to have been in any
way connected with the matter, save as it might be in-
ferred from the fact that the check was made upon a bank
account in which her money was kept, we do not think
the fact that she signed the written assignment along with
her husband is sufficient to establish her identity as the
principal, and that of her husband as her agent, in the
purchasing transaction.  The transaction was conducted
personally between Baker and Goodfellow, and even if it
were true in fact that the wife was the principal and her
husband the agent, it does not appear that any such dis-
closure was made to Baker at the time the warrants were
sold by him.  Baker dealt with the husband and knew him
only in the matter.  An agent who has not disclosed his
principal has a right of action in his own name.  Mechem,
Agency, § 755.  We therefore think the motion for non-
suit was properly denied.

The second assignment of error is that the court erred
in not granting the appellant's motion to set aside the ver-

dict and to grant a new trial, and the third assignment is that it was error to enter a judgment against the defendant upon the verdict. For the reasons heretofore given, and for the further reason that an examination of the whole of the evidence discloses sufficient contradiction to make it the peculiar province of the jury to determine the facts, we think the court did not err in the particulars last above assigned, unless it appears that material error was committed upon the admission or rejection of offered testimony. It is assigned as error that the court admitted in evidence, over appellant's objection, the written assignment heretofore mentioned, for the reason that it was signed by Mrs. Goodfellow. It is urged that the fact that she signed it shows that she was the purchaser of the warrants, and, since such fact was not pleaded in the complaint, the instrument is therefore inadmissible. For reasons heretofore given, we think the instrument was properly admitted. The fact that Mrs. Goodfellow signed it along with her husband in no way changed the relations of the parties as they existed. When it was shown that Goodfellow signed the paper, it was immaterial who else may have signed it, unless it was shown by other evidence that such other signer was a real party in interest; and even then the paper itself must have been admitted and the jury left to determine the fact as to who was the actual purchaser.

It is next urged as error that the court overruled the objections of appellant to certain questions propounded to Goodfellow by respondent's counsel, as to what he had testified during another trial concerning the purchase of these warrants. The questions were asked upon redirect examination, after appellant's counsel had interrogated the witness as to his former testimony; and respondent's counsel sought to extend the examination by his redirect questions in explanation of the force and meaning of the witness's

former testimony, to which allusion had been made during the cross examination. The objection is urged mainly upon the ground that the testimony of the witness in this case cannot be supported by showing what may have been his testimony in another case. The objection upon that ground would be well taken if the questions had been propounded upon direct examination, but, after the fact of this former testimony had been developed by the cross examination, the respondent certainly had a right to interrogate the witness further in relation thereto and as explanatory thereof. It appears that a former suit had been brought by the same plaintiff against the same defendant, and concerning the sale of the identical warrants involved here. That suit was waged upon the theory,—and it was so alleged in the complaint in that action,—that Goodfellow, as agent for Baker, sold the warrants to Latimer. At the conclusion of the plaintiff's testimony in that case the court granted a non-suit on the ground, as we suppose from what we gather from the record, that the evidence of Goodfellow showed the transaction to have been a direct one between Baker and Goodfellow, wherein Goodfellow himself bought the warrants from Baker, and that Baker afterwards sold them to Latimer. It appears that after the non-suit in the former action, this suit was brought upon the theory that Goodfellow was not the agent of Baker, but was the actual purchaser of the warrants. Under these circumstances, respondent had a right upon redirect examination to ask the witness as to his further recollection of his former testimony, by way of testing the accuracy of his testimony before the jury in this case.

It is next contended that the court erred in sustaining respondent's objection to certain questions propounded to witness Goodfellow by appellant's counsel, concerning his testimony at the trial of the other case. The objection was

based upon the ground that the particular portion of the former testimony of the witness referred to in the questions related to other warrants than those involved in this suit. We think it is sufficiently clear from the record that such was the fact, and the objection was therefore properly sustained. The court, in its instructions, plainly told the jury that they were to determine from the evidence the fact whether Goodfellow bought the warrants from Baker as principal, or from Baker as agent for Jameson; that if they found that Baker was acting as agent for Jameson, and that such fact was known to Goodfellow at the time, respondent could not recover; that if they found that Baker acted as principal or as agent for Jameson without disclosing the fact of such agency, and that such fact was not known to Goodfellow, then no express warranty that the warrants were genuine need be proven, as the law implies such warranty. We think the issue was squarely and properly submitted to the jury both upon the evidence and the court's instructions.

Since we find no prejudicial error in the record, the judgment is affirmed.